**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Edward Kinnally, a single man; Charles Zovko, a married man filing as an individual; William Coghlan, a married man filing as an individual; and Kevin Sysak, a married man filing as an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>Rogers Corporation, a Massachusetts corporation,<br><br>        Defendant. | No. CV-06-2704-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Rule 19 Motion to Join Plaintiffs Zovko's, Coghlan's and Sysak's Spouses as Parties or, in the Alternative, to Dismiss Plaintiffs Zovko's, Coghlan's and Sysak's Claims for Failure to Name an Indispensable Party (Doc. # 76). The Court has considered Plaintiffs' First Amended Complaint (Doc. # 6), Plaintiffs' Response (Doc. # 85), and Defendant's Reply (Doc. # 89). For the following reasons, the Court will grant Defendant's Motion in part as to joining Plaintiff Zovko's, Coghlan's, and Sysak's spouses as party plaintiffs and deny the Motion in part as to dismissing Plaintiffs Zovko's, Coghlan's, and Sysak's claims for failure to name an indispensable party.

## I. BACKGROUND

Plaintiffs Edward Kinnally, Charles Zovko, William Coghlan, and Kevin Sysak all were employed by Rogers Corporation ("Rogers") for varying periods of time and began working for the Durel Division of Rogers at the time of its creation in 2003. (Doc. # 6, at 5.) While working at Durel, all of the Plaintiffs were over the age of forty. (*Id.*) On or about October 5, 2004, Rogers terminated all of the Plaintiffs. (*Id.*) Plaintiffs brought suit against Rogers claiming age discrimination under the ADEA, 29 U.S.C. §§ 621–634, and seek damages, including back pay and front pay. (Doc. # 6, at 8.) Plaintiffs Zovko, Coghlan, and Sysak are married, however, their spouses are not currently parties to this lawsuit. (*Id.* at 3–4.)

Rogers moves to join Plaintiff Zovko's spouse, Dragica Zovko, Plaintiff Coghlan's spouse, Cheryl Foster, and Plaintiff Sysak's spouse, April B. Sysak, as party plaintiffs or in the alternative, to dismiss Plaintiffs' claims. (Doc. # 76, at 2.) Rogers argues that Plaintiffs' spouses and marital communities are indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.

## II. ANALYSIS AND CONCLUSION

### A. Legal Standard

"Federal Rule of Civil Procedure 19 governs the question of whether a person not a party to a suit should be joined because he is necessary for a more complete settlement of the dispute." *Cutrona v. Sun Health Corp.,* No. CV 06-02184-PHX-MHM, 2007 WL 4150210, at *1 (D. Ariz. Nov. 19, 2007). Rule 19 in relevant part provides:

> (a) Persons Required to Be Joined if Feasible. (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction *must be joined* as a party if: (A) in that person's absence, the *court cannot accord complete relief among existing parties*; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect

the interest . . . (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party.

Fed. R. Civ. P. 19(a) (emphasis added). The absence of necessary parties under Rule 19 may be properly raised by any party "at any stage in the proceeding." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911–12 (9th Cir. 1991); *Weimer v. Maricopa County Cmty. Coll. Dist.,* 184 F.R.D. 309, 310–11 (D. Ariz. 1998). "An entity's status as a 'necessary' party is not judged by any prescribed formula, but instead 'can only be determined in the context of particular litigation.'" *CP Nat'l Corp.*, 928 F.2d at 12 (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968)).

Under Arizona law, a "judgment against one spouse does not bind the community." *Spudnuts, Inc. v. Lane*, 676 P.2d 669, 670 (Ariz. Ct. App. 1984). Both spouses must be sued jointly in order for a plaintiff to hold the marital community accountable for an obligation. *Id.* At least three other courts in this district have held that a plaintiff's spouse may be properly joined as a necessary party under Rule 19(a) in order to protect the spouse's interests and for the purpose of permitting the defendant to seek attorneys' fees and costs against the marital community. *Cutrona,* 2007 WL 4150210, at *1; *Henson v. Air Nat'l Guard Air Force Reserve Command Test Ctr.*, No. CV 06-526-TUC-FRZ, 2007 WL 2903993, at *5 (D. Ariz. Sept. 28, 2007); *Weimer,* 184 F.R.D. at 310-11. The "preferable method" of protecting a plaintiff's spouse's interests is to join them as a party plaintiff. *Weimer,* 184 F.R.D. at 311.

**B. Discussion**

Here, Rogers alleges that Plaintiffs' spouses are necessary parties to the matter and should be joined as party plaintiffs under Rule 19(a) because in their absence Rogers cannot be granted complete relief. (Doc. # 76, at 2.) Rogers alleges that it may be entitled to recover some or all of its attorneys' fees and costs under 29 U.S.C. § 626(b), 29 U.S.C. § 216, and 28 U.S.C. § 1927 in the event that Plaintiffs do not prevail in their lawsuit. (Doc. # 76, at 2.) Under Arizona law, Plaintiffs' spouses must be joined as party plaintiffs for the marital community to be bound under a judgment awarding attorneys' fees to Rogers.

1  *Spudnuts,* 676 P.2d at 670.  Thus, Rogers states that Plaintiffs should not be permitted to seek
2  a legal award that would benefit their marital communities, while also insulating the
3  communities from a potential award of attorneys' fees and costs to Rogers.  (Doc. # 76, at
4  2.)

5        Rogers also alleges that Plaintiffs' spouses are necessary parties to the litigation in
6  order to protect the spouses' legal interests in the alleged damages sought by Plaintiffs.
7  (Doc. # 76, at 4.)  Plaintiffs seek to recover lost wages, which are considered to be
8  community property in Arizona.  Ariz. Rev. Stat. Ann. § 25-211; *Shaw v. Greer*, 194 P.2d
9  430, 431 (Ariz. 1948).  Rogers argues that Plaintiffs' spouses should be joined in order to
10 protect the spouses' interests from being impaired.  (Doc. # 76, at 4.)

11       Plaintiffs contend that their spouses need not be joined as party plaintiffs and have
12 raised three arguments to support this contention.  Plaintiffs first allege that Rogers has no
13 reason to protect Plaintiffs' spouses' interests.  (Doc. # 85, at 3.)  Plaintiffs argue that there
14 has been no showing that they are not adequately protecting their spouses' interests in the
15 case.  (*Id.*)

16       In *Weimer*, the district court found that the preferable method of protecting the
17 plaintiff's spouse's interests in the claim for lost wages was to join the spouse as a party
18 plaintiff, despite the defendants presenting no evidence that the plaintiff was not adequately
19 representing his spouse's interests.  184 F.R.D. at 311.  Here, the Court finds that Plaintiffs'
20 spouses have an interest in the case and, consequently, may be improperly impaired if they
21 are not joined as party plaintiffs.  *Id.* at *2.  Accordingly, Rogers need not show that
22 Plaintiffs are not adequately protecting their spouses' interests in the case in order to join
23 them as party plaintiffs.

24       Plaintiffs next argue that Rogers will not be denied "complete relief" under Rule 19
25 if the Plaintiffs' spouses are not joined to the case because attorneys' fees are only available
26 if a claim was frivolous.  *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978);
27 (Doc. # 85, at 4 n.3.)  Plaintiffs assert that it is unlikely that Rogers would be able to meet
28 this standard.  (Doc. # 85, at 4 n.3.)

1   In *Henson*, the district court held that a plaintiff's spouse should be joined as a party
2   in order to accord full relief to the defendants, based on the "possibility" that the defendants
3   could prevail on a claim for attorneys' fees.  2007 WL 2903993, at *6 n.6.  Here, like
4   *Henson*, Rogers must seek to recover jointly from Plaintiffs and Plaintiffs' spouses in order
5   to recover from the marital communities.  Accordingly, this Court finds that Plaintiffs'
6   spouses must be joined to bind the marital community and afford Rogers complete relief
7   under a judgment awarding it attorneys' fees.

8   Plaintiffs' third argument states that the Motion should be denied as a result of
9   Rogers's undue delay in filing without good cause.  (Doc. # 85, at 4.)  Plaintiffs allege that
10  Rogers's Motion comes at the end of the discovery period and long after the deadlines to
11  amend the pleadings.  (*Id.* at 3.)  Plaintiffs rely upon two cases from other circuits where the
12  courts denied Rule 19 motions as untimely.  *Ne. Drilling, Inc. v. Inner Space Servs.*, Inc., 243
13  F.3d 25, 36-37 (1st Cir. 2001); *Gil Enters. v. DeIvy*, 79 F.3d 241, 247-48 (2d Cir. 1996).
14  This Court finds that while these cases are somewhat relevant, they are distinguishable.  In
15  *Gil Enters.*, the Second Circuit denied a Rule 19 Motion to join an indispensable party
16  because the moving party waited until the close of trial to file the Motion.  79 F.3d at 247.
17  And, in *Ne. Drilling*, the First Circuit denied the defendants' Rule 19 Motion to join an
18  additional party because the moving party waited until after the deadline to join additional
19  parties as specified in the pretrial scheduling order.  243 F.3d at 37.

20  Unlike *Gil Enters.*, Rogers's Motion was filed well before trial.  Also, unlike *Ne.*
21  *Drilling*, the Rule 16 Scheduling Order here did not specifically address adding new parties.
22  But the Rule 16 Scheduling Order in this case did state a deadline for filing an amended
23  complaint, which has passed.  To add new parties would serve to amend the Complaint.
24  Nonetheless, rather than dismiss Plaintiffs' claim for failing to name an indispensable party,
25  this Court finds that joining the parties is more appropriate.  Rogers has conceded that this
26  joinder will not necessitate more discovery.  (Doc. # 89, at 5.)  Joining Plaintiffs' spouses
27  therefore will have no impact on the timely disposition of this case.  Further, the Ninth
28  Circuit permits the absence of a necessary party to be properly raised at any stage in the

- 5 -

1  proceeding. *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911-12 (9th Cir.
2  1991); *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960). Consequently, this Court finds
3  that the Motion should not be denied as untimely.

4  Plaintiffs' spouses are necessary parties to this case under Rule 19(a) and should be
5  joined as party plaintiffs in order to protect Plaintiffs' spouses' interests and because in their
6  absence complete relief cannot be afforded to Rogers. Thus, Rogers's request for dismissal
7  based on Plaintiffs' failure to name an indispensable party is denied as moot.

8  Accordingly,

9  **IT IS ORDERED** granting Defendant's Motion (Doc. # 76) as to joining Plaintiff
10  Zovko's spouse, Dragica Zovko, Plaintiff Coghlan's spouse, Cheryl Foster, and
11  Plaintiff Sysak's spouse, April B. Sysak, as party plaintiffs.

12  **IT IS FURTHER ORDERED** that Plaintiffs shall file an amended Complaint adding
13  their spouses as co-plaintiffs per this Order by May 5, 2008.

14  **IT IS FURTHER ORDERED** denying Defendant's Motion (Doc. # 76) as to
15  dismissing Plaintiffs Zovko's, Coghlan's, and Sysak's claims for failure to name an
16  indispensable party.

17  DATED this 28th day of April, 2008.

James A. Teilborg
United States District Judge

- 6 -