**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona  85201
Telephone No.:        (480) 464-1111
Facsimile No.:        (480) 464-5692
Email:        mpruitt@jacksonwhitelaw.com
Attorneys for Plaintiffs
By:    Michael R. Pruitt, State Bar No. 011792

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Edward Kinnally, a single man; Charles Zovko and Dragica Zovko, husband and wife; William Coghlan and Cheryl Coghlan, husband and wife; and Kevin Sysak and April Sysak, husband and wife;<br><br>Plaintiffs,<br><br>vs.<br><br>Rogers Corporation, a Massachusetts corporation,<br><br>Defendant. | Case No. CV06-2704-PHX-JAT<br><br>**PLAINTIFFS' MOTION TO STRIKE REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs, Edward Kinnally, Charles Zovko, William Coghlan, and Kevin Sysak, by and through their undersigned counsel and pursuant to LRCiv 7.2(m)(1) and LRCiv 56.1, hereby move the Court to strike the Reply in Support of Defendant's Motion for Summary Judgment ("Reply") filed by Defendant in this matter.  Defendant's Reply, including its exhibits, should be stricken because it is not authorized inasmuch as it fails to conform to the Local Rules of Civil Procedure.  This Motion is supported by the accompanying Memorandum of Points and Authorities.

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs filed this lawsuit against Rogers Corporation ("Rogers") alleging that the termination of their employment at Rogers constituted age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.  After the close of discovery, Defendant Rogers filed a Motion for Summary Judgment, to which Plaintiffs responded.  Defendant then filed its Reply in support of its Motion for Summary Judgment.  However, Defendant's Reply failed in fundamental respects to comply with LRCiv 56.1 inasmuch as it improperly introduced new evidence not contained in either party's statements of facts by means of fourteen evidentiary attachments to the Reply.  Defendant's filing of this Reply with its fourteen attachments is not authorized under LRCiv 56.1, and therefore should be stricken under Rule 7.2(m)(1).

Local Rule of Civil Procedure 56.1 contemplates that in connection with a motion for summary judgment, the moving party and the responding party may each submit one statement of facts, separate from but in support of their Motion or Response.  *See* LRCiv 56.1(a) and (b).  The rule specifically outlines the format for the separate statements of facts.  *See id*.  It clearly indicates that the parties' respective separate statements of facts are the vehicles through which the parties should cite to the relevant portions of the record on which the parties rely.  *Id*.  With respect to the moving party, the Rule even states that "[a] failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion."  *Id*. at (a).

Furthermore, the rule does not authorize the moving party to file an additional statement of facts in connection with its reply, nor to cite in its reply to additional facts not contained in either party's statement of facts.  *See id*.  Indeed, the rule provides that all "[m]emoranda of law filed in support of or in opposition to a motion for summary judgment, *including reply memoranda*, shall include citations to the specific paragraphs in the statement of facts that supports factual assertions made in the memoranda."  *Id*. at (e) (emphasis added).

2

Accordingly, this court has held that a supplemental filing of additional facts by the moving party at the time of its reply is "not contemplated by the local rules," and has stricken such filings on that basis. *E.E.O.C. v. ValWest Technologies, Inc.*, 2008 WL 2116629 (D. Ariz. May 20, 2008).

Defendant has filed a Reply with citations to fourteen new attachments embedded and interspersed throughout the Reply. Without legal authority or prior leave of court, Defendant seeks to introduce through its Reply new evidence not contained in the parties' previously filed statements of facts. Defendant's filing of a Reply that includes and relies upon fourteen new attachments thereto rather than on the parties' already-filed separate statements of facts is not proper or authorized and constitutes a failure to comply with the procedures required by LRCiv 56.1. Even if a moving party were permitted under the rules to add new evidence at the time of filing a reply, which is not permitted, Defendant's method of including these fourteen attachments to the Reply failed to comply with the requirement in LRCiv 56.1(a) to set forth each material fact in a separately numbered paragraph.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant's Reply in its entirety.

**RESPECTFULLY SUBMITTED** this 18th day of September, 2008.

**JACKSON WHITE**

  /s/ Michael R. Pruitt
By:   Michael R. Pruitt, No. 011792
40 North Center Street, Suite 200
Mesa, Arizona  85201
Attorneys for Plaintiffs

/ / /
/ / /
/ / /
/ / /

3

**Certificate of Service**

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following if CM/ECF registrants, and mailed a copy of same to any non-registrants this 18th day of September, 2008, to:

L. Eric Dowell, Esq.
Nonnie L. Shivers, Esq.
OGLETREE DEAKINS NASH SMOAK STEWART, P.C.
2415 E. Camelback Road, Suite 800
Phoenix, AZ   85016-0001

  /s/ Michael R. Pruitt

F:\JKL\Kinnally, Edward\Summary Judgment\Motion to Strike Reply.wpd

4