L. Eric Dowell, SBN 011458
Nonnie L. Shivers, SBN 023460
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona  85016
Telephone:  (602) 778-3700
Fax:  (602) 778-3750
eric.dowell@ogletreedeakins.com
nonnie.shivers@ogletreedeakins.com

Attorneys for Defendant Rogers Corporation

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Kinnally, a single man; Charles Zovko and Dragica Zovko, husband and wife; William Coghlan and Cheryl Foster, husband and wife; and Kevin Sysak and April Sysak, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Rogers Corporation, a Massachusetts corporation,<br><br>Defendant. | No. CV06-02704-PHX-JAT<br><br>**DEFENDANT ROGERS CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs move to strike Defendant Rogers Corporation's entire fifteen-page Reply in support of its Motion for Summary Judgment because Rogers appended fourteen exhibits to its Reply in order to support the arguments made in its summary judgment motion and to clarify the numerous misstatements and mischaracterizations of the evidence made in Plaintiffs' Response in opposition to Rogers' summary judgment motion.  Plaintiffs base their Motion to Strike on one fundamentally flawed premise: that a party moving for summary judgment is absolutely precluded from including any evidentiary material with its reply in support of its motion for summary judgment.  As set

forth below, Rogers' Reply brief should not be stricken because Local Rule 56.1 neither impliedly nor expressly precluded Rogers from including supplemental evidentiary support for arguments raised in its motion or to rebut arguments raised by Plaintiffs in their Response. Simply put, Rogers did not raise new arguments in its Reply or via its exhibits to the Reply. Adopting Plaintiffs' misinterpretation of Local Rule 56.1 would undermine the summary judgment process and prejudice Rogers by absolutely precluding it from clarifying any misstatements or misleading evidence presented by Plaintiffs in their Response to Rogers' summary judgment motion.

## I.   Relevant Background

Rogers timely moved for summary judgment following the close of discovery. Rogers submitted its 17-page summary judgment motion, along with a concise 17-page separate statement of facts. Plaintiffs' Response to Rogers' summary judgment motion included 78 exhibits, as well as a 60-page Controverting Statement of Facts ("PCSOF") and Separate Statement of Facts ("PSOF") containing nearly 300 individually numbered paragraphs. In violation of Rule 56 and Local Rule 56.1, Plaintiffs utilized their lengthy PCSOF and PSOF to make numerous substantive arguments never made in their Response and to discuss evidence never even mentioned in their Response. Rogers filed its Reply in support of its Motion for Summary Judgment, as well as evidentiary objections to Plaintiffs' PCSOF and PSOF as permitted under Local Rule 7.4(m)(2). Plaintiffs now move to strike Rogers' entire Reply because it appended fourteen exhibits to its Reply.

## II.   Plaintiffs' Motion To Strike Rogers' Reply Should Be Denied

Motions to strike are disfavored and infrequently granted. *Ass'n of Irritated Residents v. C&R Vanderham Dairy,* 2007 WL 2815038, at *28 (E.D. Cal. Sept. 25, 2007). A motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Harper v. Collection Bureau of Walla Walla, Inc.,* 2007 WL 4287293, at *3 (W.D. Wash. Dec. 4, 2007).

      **a.**    **Plaintiffs' Motion To Strike Should Be Denied Because Local Rule 56.1 Does Not Prohibit Evidentiary Exhibits To A Reply**

Plaintiffs argue that Rogers' entire Reply should be stricken because Local Rule 56.1 does not expressly authorize a party moving for summary judgment to file any exhibits to its reply. Simply put, Plaintiffs' interpretation of Local Rule 56.1 is wrong. Local Rule 56.1 sets forth the scheme for parties' submissions of separate statements of fact during summary judgment. Local Rule 56.1(a) permits the moving party to file a separate statement of facts with its motion for summary judgment. Local Rule 56.1(b) authorizes the party opposing summary judgment to file a separate statement of facts with its response brief. Local Rule 56.1 prohibits either party from filing a second statement of facts that contains individually numbered paragraphs as permitted in Local Rule 56.1(a) and 56.1(b). Our courts have interpreted Local Rule 56.1 to mean precisely what is says: "[t]he rules do not permit the moving party to file a second statement of facts." *EEOC v. TIN, Inc.,* 2008 WL 2323913, at *1 (D. Ariz. June 2, 2008) (striking moving party's 86-page second statement of facts). The Court in *Val West* echoed this exact sentiment when it struck a "reply statement of facts" comprised of 49 individually numbered paragraphs. *EEOC v. Val West Techs.,* 2008 WL 2116629, at *6 (D. Ariz. May 20, 2008). Importantly, the Court in *Val West* did not strike evidentiary exhibits to a reply, as Plaintiffs seek to do here.

Despite this prohibition on a formal second statement of facts, neither Local Rule 56.1 nor Rule 56 prohibit the filing of exhibits to a reply. "[P]arties certainly may attach new declarations and additional exhibits to their reply memorandums" in support of summary judgment, even though a second or supplemental statement of facts is not permitted. *Bartolome v. City and County of Honolulu,* 2008 WL 942573, at *11 (D. Haw. April 8, 2008); *see also* Local Rule 56.1(a) and (b), U.S. Dist. Ct. of Haw. (permitting party moving for summary judgment and party opposing summary judgment to file separate statement of facts under similar scheme as Local Rule 56.1, U.S. Dist. Ct. of Ariz.). Indeed, Local Rule 7.2(e) even anticipates that attachments to a reply in

support of a summary judgment motion will be filed, stating: "a reply including its supporting memorandum, shall not exceed eleven (11) pages, <u>exclusive of attachments</u>."

As Plaintiffs see it, however, a party moving for summary judgment can only cite to its statement of facts and the opposing party's statement of facts in its reply. Under Plaintiffs' skewed approach, the moving party must include every possible piece of evidence in its Statement of Facts that it believes it could conceivably need in responding to the opposing party's legal and factual arguments. This narrow approach would undermine the summary judgment process by requiring a party moving for summary judgment to include virtually all facts and testimony given in the case, instead of just material facts. Plaintiffs' skewed approach would also permit an opposing party to say virtually anything in their response and interpret evidence in any way they see fit because the moving party would have no ability to clarify evidence introduced in the Response or to otherwise rebut such evidence. Fundamental fairness and logic clearly shows that Plaintiffs' approach is legally untenable and should be rejected.

### b. Plaintiffs' Motion to Strike Should Be Denied Because Rogers Did Not Introduce "New" Evidence In Its Reply

Plaintiffs next argue that Rogers' presented "new" evidence in its Reply. Evidence submitted with a reply in support of summary judgment, however, is not "new" evidence if it rebuts arguments asserted by the party opposing summary judgment or if the evidence supports arguments raised by the moving party in its summary judgment motion. *See Tyson v. Oregon Anesthesiology Group,* 2008 WL 2371420, at *16 (D. Or. June 6, 2008); *Goodman v. Sears Roebuck & Co.,* 2002 WL 34420066, at *10 (E.D. Wash. April 4, 2002) ("A party generally may present evidence in a reply to disprove assertions made by the opposing party."). Reply evidence cannot be deemed "new" even if the evidence rebuts assertions first raised by a party opposing summary judgment in his or her response brief. *Tyson,* 2008 WL 2371420 at *16.

The District Court's decision in *Tyson* illustrates how this standard is applied in the summary judgment context. There, the defendant moved for summary judgment and

attached exhibits to its reply brief. Plaintiff filed a motion to strike the exhibits to the reply brief. The court examined the exhibits and determined that they did not constitute "new" evidence. The court denied the motion to strike and denied plaintiff's request to file a surreply responding to the evidence because the moving party's reply exhibits rebutted arguments asserted by plaintiff in his response brief, including rebuttal of assertions first raised by plaintiff in his brief.

Here, Plaintiffs conclusorily allege that Rogers' Reply exhibits are "new" and that Rogers' entire Reply brief should be stricken as a result. Not only did Plaintiffs fail to alert the Court to the standard for determining whether evidence is "new," they also failed to identify with the required specificity which of Rogers' exhibits are allegedly "new" evidence or why they are considered "new" under the standard espoused above.[1] This is likely because Plaintiffs were well aware they could not show any of Rogers' Reply evidence was "new." Indeed, a closer examination of the exhibits to Rogers' Reply demonstrates that the exhibits cannot be considered "new" because the exhibits constitute proper rebuttal evidence to support arguments made in Rogers' summary judgment motion and to rebut arguments and mischaracterizations of evidence made in Plaintiffs' Response.

For example, Exhibit J to Rogers' Reply is Rogers' compulsory retirement policy, a document produced by Rogers during discovery. As is evident from the face of the policy, the Compulsory Retirement policy only applies to Rogers' executive officers. There is no dispute that the policy did not apply to Plaintiffs or anyone else terminated in the October 2004 reduction in force. As the policy is not material to resolution of Rogers' Motion for Summary Judgment, Rogers did not include a copy of the Compulsory Retirement Policy with its motion. In PSOF ¶ 83, Plaintiffs argued that the

---

[1] The Court should reject any belated attempt by Plaintiffs detail why each of Rogers' fourteen exhibits are "new" evidence in their Reply in Support of their Motion to Strike. Plaintiffs' failure to specify how or why the Reply exhibits were "new" precludes them from raising these new arguments in their Reply in Support of their Motion to Strike as it would unfairly preclude Rogers from responding to their newly raised arguments.

Compulsory Retirement Policy somehow evidenced age animus.[2] Plaintiffs, however, failed to include the Compulsory Retirement policy itself as an exhibit to their Response. [*See* PSOF ¶ 83; Rogers' Evidentiary Objections to PSOF ¶ 83.] It appears Plaintiffs strategically omitted the policy so that the Court could not inspect the policy and its inapplicability to Plaintiffs. Moreover, Plaintiff's strategic omission would have prevented the Court from reviewing the plain language of the policy that sets forth why the policy is specifically permitted and legal under the ADEA.

Plaintiffs now disingenuously request that the Court strike Exhibit J to Rogers' Reply as "new" evidence. As Plaintiffs see it, they should be able to make misleading references to the policy and cast it in whatever light they see fit without introducing the evidence, but then prevent Rogers from putting that very evidence in front of the Court in order to rebut Plaintiffs' misleading arguments and incomplete information. Plaintiffs intentional decision not to introduce the policy as evidence does not preclude Rogers from introducing this evidence in its Reply in order to rebut Plaintiffs' arguments. Plaintiffs cannot argue the policy is evidence of age animus and now complain that they did not have an opportunity to present their argument responding to this evidence because Rogers introduced the policy in its Reply. If any party is prejudiced by Plaintiffs' abusive litigation tactics, it has been Rogers.

As yet another example, Plaintiffs also attempt to mislabel as "new" evidence seven Reply exhibits containing additional pages of deposition testimony from Plaintiffs and three other fact witnesses. Rogers included select deposition testimony of the four Plaintiffs in its Motion for Summary Judgment. [*See* Exhs. 4, 5, 9 and 10 to Rogers'

---

[2] Plaintiffs' Response makes no reference whatsoever to the Compulsory Retirement Policy. By relegating their argument to the statement of facts, Plaintiffs have in effect turned their PCSOF and PSOF into a 60-page extension of the 17-page limit imposed upon them by Local Rule 7.2(e). This abusive litigation tactic forces both the Court and Rogers to forage through the record evidence to piece together Plaintiffs' argument for them. The Court is not to be treated like a pig, hunting for truffles buried in the briefs and the record. *See Smith v. Marsh,* 194 F.3d 1045, 1052 n.5 (9th Cir. 1999).

Motion.] Rogers' also included deposition testimony from Mr. Sweeney, Mr. Schneider and Mr. Paciorek in its Motion. [*See* Exhs. 6, 18, and 19 to Rogers' Motion.] In their Response, Plaintiffs included additional deposition testimony from each of these seven witnesses. In order to rebut Plaintiffs' mischaracterizations of the witnesses' testimony, put the witnesses' testimony in context, and clarify the witnesses' testimony, Rogers included additional deposition testimony from these seven witnesses as exhibits to its Reply. [*See* Exhs. C, D, E, F, K, L, and M to Rogers' Reply.] It is nothing short of "absurd" to consider such rebuttal or clarification evidence as "new." *Baugh v. City of Milwaukee,* 823 F. Supp. 1452, 1456-57 (E.D. Wis. 1993) (denying motion to strike affidavits and deposition transcripts appended to reply as it "seems absurd to say that reply briefs are allowed but that a party is proscribed from backing up its arguments win reply with the necessary evidentiary material").

As a final example, Plaintiffs also mislabel Mr. Parkin's deposition testimony as "new" evidence introduced in Rogers' Reply. It is undisputed that Mr. Parkin was not a decision maker in the October 2004 RIF and that he never supervised any of the Plaintiffs. Indeed, Mr. Parkin was never a management employee at Rogers. Rogers did not include any of Mr. Parkin's deposition testimony in its summary judgment because Mr. Parkin's personal opinion about whether the RIF was necessary from a business perspective or whether the Plaintiffs were the best selections for the RIF in his eyes is immaterial and irrelevant to deciding the only issue before the court: whether age motivated Rogers to terminate Plaintiffs. Despite the fact Mr. Parkin admitted he had no involvement in the RIF decision making in any way, Plaintiffs introduced Mr. Parkin's testimony in their Response.

In rebuttal, Rogers disclosed additional deposition testimony from Mr. Parkin regarding his close personal friendship with the Plaintiffs and that fact that one of the Plaintiffs has been his professional mentor since college. [*See* Rogers' Motion, fn. 6.] Plaintiffs cannot introduce testimony from Mr. Parkin and then seek to preclude Rogers from painting a complete picture about Mr. Parkin's lack of involvement with the RIF, his

7

close personal friendship with the Plaintiffs, and his long-standing mentorship with one of the Plaintiffs. Because Plaintiffs included portions of Mr. Parkin's deposition as exhibits to their Response, Plaintiffs have had adequate time and opportunity to oppose this deposition testimony. *See Torres v. Terhune,* 2002 WL 32107987, at *2 (E.D. Cal. Jan. 9, 2002) (denying plaintiff's motion to strike defendant's reply in support of summary judgment and deposition transcript appended as exhibit thereto because plaintiff deposed the witness and also included portions of witness's deposition transcript as an exhibit to his opposition to summary judgment).

### c. **Plaintiffs' Motion To Strike Rogers' Entire Reply Is Improper**

Although it is patently obvious that Rogers properly appended rebuttal evidence to its Reply, if the Court determines such rebuttal evidence to be improper, Rogers' entire brief should not be stricken. Striking Rogers' Reply in its entirety would be the equivalent of using a hatchet when a scalpel would be more appropriate. Instead of identifying the specific portions of the Reply that they believe should be stricken and why those portions should be stricken, Plaintiffs instead seek to have the entire Reply stricken. The majority of the pages in Rogers' Reply, or nine out of the fifteen pages, contain no reference whatsoever to the Reply exhibits. For instance, the last three pages of Rogers' Reply set forth in detail why Plaintiffs' disparate impact claim fails as a matter of law. [Reply, p. 12-15.] While Rogers neither cites nor refers to the Reply exhibits on these pages, Plaintiffs strategically chose to ignore that these pages and other large sections of Rogers' Reply brief do not even mention the allegedly improper exhibits. Plaintiffs' all or nothing approach makes it is impossible for the Court to find that the matter to be stricken has no possible bearing on the subject matter of the litigation, and their Motion should be rejected.

### III. Conclusion

For the foregoing reasons, Rogers respectfully requests that the Court deny Plaintiffs' Motion to Strike Rogers' Reply in Support of its Motion for Summary Judgment.

RESPECTFULLY SUBMITTED this 6th day of October 2008.

                            OGLETREE, DEAKINS, NASH,
                            SMOAK & STEWART, P.C.


By: s/Nonnie L. Shivers
    L. Eric Dowell
    Nonnie L. Shivers
    2415 East Camelback Road, Suite 800
    Phoenix, Arizona  85016
    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael R. Pruitt, Esq.
Jackson White
40 North Center, Suite 200
Mesa, Arizona 85201
Attorneys for Plaintiffs

s/Debra A. Irwin

6675970.1 (OGLETREE)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016