**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Kinnally, a single man; Charles Zovko, a married man filing as an individual; William Coghlan, a married man filing as an individual; and Kevin Sysak, a married man filing as an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>Rogers Corporation, a Massachusetts corporation,<br><br>        Defendant. | No. CV-06-2704-PHX-JAT<br><br>**ORDER** |

    Defendant has filed a Motion to Exclude Reports and Testimony of Plaintiffs' Expert Staci Schonbrun (Doc. #131). The parties have filed a Stipulation to Extend the Deadline for Filing Plaintiffs' Response and Defendant's Reply to Defendant's Motion (Doc. #132).

    The Court will deny the Motion as untimely and for failure to comply with local rules of procedure. Local Rule of Civil Procedure 7.2(m) dictates when parties can file a motion to strike. Local Rule 7.2(m)(1) provides that unless made at trial, a motion to strike may be filed "only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(C), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."

1  Local Rule of Civil Procedure 7.2(m)(2) sets out the proper procedure for objecting to
2  evidence attached to a motion for summary judgment or the response to a motion for
3  summary judgment.  The rule provides:

> An objection to the admission of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum (or, if the underlying motion is a motion for summary judgment, in the party's response to another party's separate statement of material facts) and not in a separate motion to strike or other separate filing. Any response to the objection must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum.

Nothing in the local rules allows for Defendant's to file a Motion to Strike in this situation. If Defendant had wanted to object to any written submission of evidence filed with Plaintiffs' Response to the Motion for Summary Judgment, Defendant would had to have done so in its Reply.  If Defendant wants to object to the use of Staci Schonbrun's expert testimony at trial, then it should file a motion in limine at the appropriate time.  If the Court grants Defendant's Motion for Summary Judgment, then this case would not even proceed to trial; thereby obviating the need for such a trial motion.

Accordingly,

IT IS ORDERED DENYING without prejudice Defendant's Motion to Exclude Reports and Testimony of Plaintiffs' Expert Staci Schonbrun (Doc. #131).

IT IS FURTHER ORDERED DENYING the parties' Stipulation (Doc. #132) as moot.

DATED this 9th day of December, 2008.

James A. Teilborg
United States District Judge