**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Kinnally, a single man; Charles Zovko, a married man filing as an individual; William Coghlan, a married man filing as an individual; and Kevin Sysak, a married man filing as an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>Rogers Corporation, a Massachusetts corporation,<br><br>        Defendant. | No. CV-06-2704-PHX-JAT<br><br>**ORDER** |

    Pending before the Court are Plaintiffs' Motion for Leave to File a Response to Defendant's Objections (Doc. #119), Motion to Strike Reply (Doc. #120), and Motion to Strike Defendant's Objections to Plaintiffs' Controverting and Separate Statement of Facts in Opposition to Defendant's Motion for Summary Judgment (Doc. #121). The Court now rules on the motions.

    Defendant filed a Motion for Summary Judgment (Doc. #93) and Separate Statement of Facts in Support (Doc. #94) on April 30, 2008. Plaintiffs filed their Response (Doc. #103) and Controverted and Separate Statement of Facts (Doc. #104) on July 7, 2008. Defendant filed a Reply in support of its motion for summary judgment (Doc. #117) on August 29, 2008. Defendant attached 14 additional exhibits to its Reply, and the Reply cites to the

1  exhibits. Along with the Reply, Defendant filed its Objections to Plaintiffs' Controverting
2  and Separate Statement of Facts (Doc. #118).

3  Plaintiffs have filed a Motion to Strike Reply in Support of Defendant's Motion for
4  Summary Judgment (Doc. #120) and a Motion to Strike Defendant's Objection to Plaintiffs'
5  Controverting and Separate Statement of Facts (Doc. #121), or, in the alternative, a Motion
6  For Leave to File a Response to Defendant's Objections to Plaintiffs' Controverting and
7  Separate Statement of Facts (Doc. #119). Plaintiffs argue that Local Rules of Civil
8  Procedure 7.2(m)(1) and 56.1 do not allow for attachment of new exhibits to a reply or for
9  filing a separate document for objections to the non-moving party's facts. Because
10 Defendant nonetheless attached additional exhibits to its Reply and filed a separate document
11 for its objections to Plaintiffs' facts, Plaintiffs argue the Court should strike the Reply and
12 the Objections. Pursuant to Local Rule of Civil Procedure 7.2(m)(1), a party may file a
13 motion to strike only if it is authorized by statute or rule or if the party seeks to strike any
14 part of a filing on the ground that it is not authorized by statute, rule, or court order.

15 Local Rule of Civil Procedure 56.1(a) requires the party moving for summary judgment
16 to file a separate statement of facts with its motion. The non-moving party must then file a
17 statement, separate from its memo, that specifically responds to each of the moving party's
18 statements of fact and that sets forth any additional facts that make summary judgment
19 inappropriate. L.R.Civ.P. 56.1(b). Local Rule 56.1 does not provide for a reply statement
20 of facts or a response to the non-moving party's separate statement of facts.

21 In fact, Local Rule 7.2(m)(2) provides that any objection to the non-moving party's
22 statement of facts must be made in a reply memorandum, and cannot be presented in a
23 separate responsive memorandum.[1] L.R.Civ.P. 7.2(m)(2); *see also EEOC v. Autozone, Inc.*,

24
25 [1]Defendant cites cases from this Court in which the Court ruled on motions to strike
   certain evidence attached to summary judgment pleadings. Defendant argues that by ruling
26 on the motions, the Court implied such motions are proper. But none of the cases cited by
   Defendant specifically addressed Local Rule of Civil Procedure 7.2(m)(2). The Court can
27 therefore assumed that no party argued the motions were improper under Local Rule 7.2(m),
28 and judicial assumptions concerning uncontested issues are not holdings. *FDIC v.*

- 2 -

2008 WL 2509302 at *1 (D.Ariz. June 19, 2008)("Should a moving party have any objections or replies to arguments or facts made in the Response or its supporting statement of facts, these 'must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum.'" (citing L.R.Civ.P. 7.2(m)(2)); *EEOC v. TIN Inc.*, 2008 WL 2323913 at *1 (D.Ariz. June 2, 2008).

The Local Rules do not contemplate attaching additional exhibits to replies in support of summary judgments[2] or filing a separate response to the non-moving party's statement of facts. "This is consistent with the moving party's need to show no genuine issue of material facts exists and that there is no need for a trier of fact to weigh conflicting evidence, assuming the non-moving party's evidence is true." *See, e.g., TIN Inc.*, 2008 WL 2323913 at *1. Defendant has provided no sufficient reason for deviating from the Local Rules in this case. Because Defendant improperly attached additional exhibits to its Reply and filed unauthorized separate Objections, the Court will grant Plaintiffs' Motions to Strike the Reply and the Objections to Plaintiffs' Controverting and Separate Statement of Facts.

Defendant shall have until January 12, 2009 to file a new reply that does not attach any additional exhibits and that incorporates, perhaps in a separate section, Defendant's objections to the admission of Plaintiffs' written evidence. Although Defendant cannot attach additional exhibits, it can still make all arguments permissible in a reply brief. The Court recognizes that the regular page limitation for a reply might not allow Defendant to cover all its objections to Plaintiffs' voluminous statement of facts. The Court therefore will allow Defendant twenty pages for its new reply. The Court will not allow Plaintiffs to file a surreply.

---

*McSweeney*, 976 F.2d 532, 535 (9th Cir. 1992)(internal citations omitted).

[2]Defendant argues that because Local Rule of Civil Procedure 7.2(e) provides that a reply shall not exceed eleven pages, exclusive of attachments, the Rule contemplates the filing of a reply. But Local Rule 7.2(e) is a general rule for all motions and memorandum and does not apply specifically to motions for summary judgment, which have different burdens of proof.

1 | Accordingly,

2 | IT IS HEREBY ORDERED GRANTING Plaintiffs' Motion to Strike Reply (Doc. #120) and Motion to Strike Defendant's Objections to Plaintiffs' Controverting and Separate Statement of Facts in Opposition to Defendant's Motion for Summary Judgment (Doc. #121).

IT IS FURTHER ORDERED that Defendant shall file its new reply no later than January 12, 2009. The Reply shall not exceed twenty pages and shall not attach additional exhibits. Plaintiffs shall not file a surreply.

IT IS FURTHER ORDERED DENYING Plaintiffs' Motion for Leave to File a Response to Defendant's Objections (Doc. #119) as moot.

DATED this 12th day of December, 2008.

_____
James A. Teilborg
United States District Judge